**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARCAP CORPORATION,            )
                               )
       Plaintiff,          )
                               )
       v.                  )   No. 04 C 216
                               )
ROBERT McCARVER, M.D., JAMES   )
MORFORD, and LEE NOLD, M.D.,   )
                               )
       Defendants.         )

**MEMORANDUM OPINION**

This is a suit on personal guaranties of a medical imaging equipment lease. Plaintiff MarCap Corporation ("MarCap") settled its claims against Robert McCarver, M.D. and Lee Nold, M.D., and those defendants are no longer parties to this litigation. Before the court is plaintiff's motion for summary judgment against the only remaining defendant, James Morford. Although counsel filed an appearance and an answer to the complaint on behalf of Morford and responded to discovery requests, no response to the summary judgment motion was filed.

The undisputed facts are as follows.[1] On April 9, 2001, MarCap entered into an Equipment Lease (the "Lease") with Aurora

---

[1] Because Morford failed to respond to MarCap's statement of material facts in support of its motion, all of those material facts are deemed admitted. See N.D. Ill. Local Rule 56.1(b). We also note that Morford expressly admitted many of those material facts in his answer to the complaint and/or in his responses to plaintiff's requests for admission.

Medical Imaging, LLC ("Aurora"). Morford, the president and CEO of Aurora, signed the lease on Aurora's behalf. Pursuant to the Lease, Aurora was to pay MarCap a monthly rent for magnetic resonance imaging and other medical equipment as set forth on schedules to the Lease.

In late May 2001, Morford (along with McCarver and Nold, to whom we refer as the "Guarantors") signed an Unconditional Guaranty (the "Guaranty") individually guaranteeing the debts owed by Aurora to MarCap under the Lease. The Guaranty provided that Morford unconditionally guaranteed to MarCap the payment of "all sums now or any time hereafter due from [Aurora]," but limited Morford's liability: "Anything contained in this Guaranty to the contrary notwithstanding, [Morford's] liability under this Guaranty shall be limited to $150,000 plus the costs and expenses of collection, including attorney's fees." (Ex. D to Motion for Summary Judgment.)

Aurora failed to make the monthly lease payments as required by the Lease. By October 2003, Aurora was in default to the tune of approximately $1.5 million. The same month, MarCap issued a notice of default and made demand upon Aurora for payment. In November 2003, MarCap sent a demand to the Guarantors for payment. Neither Aurora nor the Guarantors responded. In December 2003, Aurora filed a Chapter 11 bankruptcy petition, which also constituted a default under the terms of the Lease.

Morford admits in his responses to MarCap's requests for admission that Aurora is in default under the Lease in an amount greater than $1,482,097.95 and that he individually guaranteed up to $150,000 of that amount. (Responses to Requests for Admission Nos. 2, 16, Ex. B to Motion for Summary Judgment.) Morford also admits that he "is liable to MarCap for the costs and expenses of this action, for amounts outstanding under the Lease up to $150,000.00, and attorneys fees." (Response to Request for Admission No. 14, Ex. B to Motion for Summary Judgment.)

Given these undisputed facts, there is no genuine issue that Morford is liable to MarCap under the Guaranty in the amount of $150,000 "plus the costs and expenses of collection, including attorney's fees." We reserve ruling on the amount of attorney's fees, however, pending the submission of supplemental fee affidavits by plaintiff's lead counsel and local counsel. In the supplemental affidavits, counsel should itemize their fees, spelling out in more detail the work performed and the corresponding time spent on each task.

Accordingly, plaintiff's motion for summary judgment is granted. Plaintiff is directed to submit supplemental affidavits from counsel on its request for attorney's fees by August 2, 2005.

DATE:     July 19, 2005

ENTER:    _____
          John F. Grady, United States District Judge